UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　　　　Plaintiff,<br>　v.<br>HITE HEDGE ASSET MANAGEMENT LLC,<br>　　　　　　　　　　Defendant,<br>and<br>HITE HEDGE LP, HITE HEDGE II LP and HITE HEDGE OFFSHORE LTD.,<br>　　　　　　　　　　Relief Defendants. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff, Securities and Exchange Commission (the "Commission"), alleges the following against the defendant and relief defendants:

## SUMMARY

1. This case concerns the violation of Rule 105 of Regulation M under the Securities Exchange Act of 1934 (the "Exchange Act") [17 C.F.R. § 242.105] ("Rule 105") by HITE Hedge Asset Management LLC ("HITE"). Rule 105 is designed to prevent potentially manipulative short selling just before the pricing of follow-on and secondary offerings, thereby allowing independent market forces to determine the price of those offerings. Rule 105 prohibits any person who makes a short sale of securities, during a defined restricted period before the pricing of an offering, from purchasing the same securities in that offering. Rule 105 prohibits such conduct irrespective of the short seller's intent in effecting the short sale.

2. In May 2021, HITE acted as the investment adviser to HITE Hedge Energy LP, HITE Hedge LP, HITE Hedge Offshore Ltd., HITE Hedge QP LP, and HITE MLP LP (collectively, the "Funds").

3. On May 7, 2021, HITE sold short common stock of Pioneer Natural Resources Company ("Pioneer") in the Funds' accounts. On May 10, 2021, within Rule 105's restricted period, HITE purchased shares of Pioneer common stock for the Funds in a secondary offering from a participating underwriter, without qualifying for an exception from the prohibition in Rule 105. HITE's conduct resulted in ill-gotten gains to the Funds of $111,629.52.

4. In June 2022, HITE consolidated HITE Hedge QP LP into HITE Energy LP. HITE Energy LP's name was subsequently changed to HITE Hedge II LP. HITE also consolidated HITE MLP LP into HITE Hedge LP. As a result of the consolidation, HITE is now an investment adviser to HITE Hedge LP, HITE Hedge II LP and HITE Hedge Offshore Ltd. (the "Relief Defendants").

5. By virtue of the foregoing conduct and as further alleged herein, HITE violated Rule 105.

6. The Commission seeks a final judgment ordering civil money penalties and such other relief as the Court may deem appropriate.

7. The Commission also seeks relief against the Relief Defendants, which received the profits of HITE's illegal trading and should not be entitled to retain those illegally-derived profits. HITE has represented to the Commission's staff that it plans to voluntarily reimburse the Relief Defendants for the amount equal to disgorgement and prejudgement interest.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to Sections 21(d) and 27 of

the Exchange Act [15 U.S.C. §§78u(d) and 78aa].

9. Venue lies in this Court pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa].  Certain of the acts, practices, transactions and courses of business alleged in this Complaint occurred within the District of Massachusetts, and were effected, directly or indirectly, by making use of means or instrumentalities of transportation or communication in interstate commerce, or the mails.  For example, HITE directed all of the securities transactions at issue in this case from Massachusetts.

## DEFENDANT

10. HITE Hedge Asset Management LLC is a limited liability company organized under the laws of Delaware and located in Quincy, Massachusetts.  HITE is registered with the Commission as an investment adviser, and advises HITE Hedge LP, HITE Hedge II LP and HITE Hedge Offshore Ltd., among other private fund clients. As of December 31, 2021, HITE had approximately $1.55 billion in regulatory assets under management.

## RELIEF DEFENDANTS

11. HITE Hedge LP is a Delaware limited partnership.  HITE Hedge LP is a private fund client of HITE.

12. HITE Hedge II LP is a Delaware limited partnership.  HITE Hedge II LP is a private fund client of HITE.

13. HITE Hedge Offshore Ltd. is Cayman Islands exempted company.  HITE Hedge Offshore Ltd. is a private fund client of HITE.

## OVERVIEW OF RULE 105

14. Rule 105 makes it unlawful for a person to purchase equity securities from an underwriter, broker or dealer participating in a covered public offering if that person sold short

the security that is the subject of the offering during the restricted period as defined in the rule, absent an exception. 17 C.F.R. § 242.105; see Short Selling in Connection with a Public Offering, Rel. No. 34-56206, 72 Fed. Reg. 45094 (Aug. 10, 2007) (effective Oct. 9, 2007). The Rule 105 "restricted period" is the shorter of the period: (1) beginning five business days before the pricing of the offered securities and ending with such pricing; or (2) beginning with the initial filing of a registration statement or notification on Exchange Act Form 1-A or 1-E and ending with pricing. 17 C.F.R. § 242.105(a)(1) and (a)(2). Rule 105 applies to secondary and follow-on offerings. 72 Fed. Reg. 45094.

15. The Commission adopted Rule 105 "to foster secondary and follow-on offering prices that are determined by independent market dynamics and not by potentially manipulative activity." 72 Fed. Reg. 45094. Rule 105 is prophylactic and prohibits the conduct irrespective of the short seller's intent in effecting the short sale. Id.

### FACTS

16. On Friday, May 7, 2021, HITE sold short a combined total of 17,428 shares of Pioneer common stock at an average price of $167.83 per share in the Funds' accounts.

17. On Monday, May 10, 2021, Pioneer filed a preliminary prospectus supplement to a shelf registration statement previously filed on August 5, 2020 for a secondary offering of its common stock to be priced after the market closed on Monday, May 10, 2021 (the "Offering").

18. On the same day, HITE received several messages from a participating underwriter notifying HITE about the Offering and soliciting HITE to participate in the Offering. One message referred to the Offering as a "block trade." A second message described the Offering as a "100% secondary" offering, and stated that participants represented their eligibility to receive an allocation in accordance with Rule 105 by submitting an order for an allocation in

the Offering.

19. After the market closed on Monday, May 10, 2021, Pioneer priced the Offering at $161 per share.

20. The short sales that HITE effected for the Funds occurred within the Rule 105 restricted period, which ran from Tuesday, May 4, 2021 through Monday, May 10, 2021.

21. HITE did not have any formal written policies relating to Rule 105. However, HITE's former Chief Compliance Officer ("CCO") implemented a practice whereby traders were required to seek the CCO's written approval prior to participating in any public offering.

22. Consistent with that general practice, HITE's trader sought and obtained approval to participate in the Offering from the CCO.

23. The CCO approved HITE's participation in the Offering because he mistakenly believed that Rule 105 did not apply to the Offering.

24. HITE then submitted an indication of interest to a participating underwriter on behalf of the Funds to purchase 20,000 shares in the Offering after market close on Monday, May 10, 2021.

25. On Tuesday, May 11, 2021, HITE received an allocation of 20,000 shares in the Offering in the Funds' accounts.

26. The difference between the price at which the Funds sold short shares of Pioneer common stock during the restricted period and the price at which the Funds purchased an equal number of shares in the Offering was $111,629.52.

27. Thus, the Funds received $111,629.52 in total profits by participating in the Offering, of which $33,767.52 was received by HITE Energy LP, $14,650.35 was received by HITE Hedge LP, $53,417.43 was received by HITE Hedge Offshore Ltd., $6,208.47 was

received by HITE Hedge QP LP, and $3,585.75 was received by HITE MLP LP.

28. The Funds did not have a legitimate claim to these profits from illegal trades.

29. On September 21, 2021, a participating underwriter notified HITE that HITE participated in the Offering after selling short shares of Pioneer during the restricted period in possible violation of Rule 105.

30. Upon being informed of its purchase within Rule 105's restricted period, HITE did not conduct a review of its prior trading history to identify other possible Rule 105 violations and did not implement a written Rule 105 policy or otherwise enhance its compliance measures related to Rule 105 at that time.

31. During the course of the Commission staff's investigation, HITE implemented a written Rule 105 policy and conducted a subsequent review of its trading history, which identified no other Rule 105 violations. HITE also replaced its CCO in November 2021 and hired an additional compliance staff member in June 2022.

32. In June 2022, during the course of the Commission staff's investigation, HITE consolidated the assets of certain private fund clients. As a result of the consolidation, HITE Hedge LP received the assets of HITE MLP LP, and HITE Hedge II LP received the assets of HITE Hedge QP LP.

**FIRST CLAIM FOR RELIEF**
**Violation of Rule 105 of Regulation M**
**(against Defendant HITE)**

33. Paragraphs 1 through 32 above are re-alleged and incorporated by reference as if fully set forth herein.

34. In connection with an offering of equity securities for cash pursuant to a registration statement filed under the Securities Act of 1933, HITE directed short sales of

securities that were the subject of the Offering within the Rule 105 restricted period, and purchased the offered securities from an underwriter participating in the Offering.

35. By reason of the foregoing, HITE violated Rule 105 of Regulation M under the Exchange Act [17 C.F.R. § 242.105].

## SECOND CLAIM FOR RELIEF
### OTHER EQUITABLE RELIEF (against Relief Defendants)

36. Paragraphs 1 through 32 above are re-alleged and incorporated by reference as if fully set forth herein.

37. Section 21(d)(5) of the Exchange Act [15 U.S.C. §78u(d)(5)] states "[i]n any action or proceeding brought or instituted by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may grant, any equitable relief that may be appropriate or necessary for the benefit of investors."

38. Section 21(d)(7) of the Exchange Act [15 U.S.C. §78u(d)(7)] states "[i]n any action or proceeding brought by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may order, disgorgement."

39. The Relief Defendants, either directly or indirectly, received profits derived from HITE's illegal trading under circumstances dictating that, in equity and good conscience, they should not be allowed to retain.

40. As a result, the Relief Defendants are liable to disgorge, and should be required to return, their ill-gotten gains.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Order the Relief Defendants to disgorge, with prejudgment interest, all ill-gotten gains obtained by reason of the unlawful conduct alleged in the Complaint;

B. Order Defendant HITE to pay civil penalties under Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)];

C. Retain jurisdiction over this action to implement and carry out the terms of all orders and decrees that may be entered; and

D. Grant such other and further relief as this Court may deem just and proper.

## JURY DEMAND

The Commission demands a jury in this matter for all claims so triable.

DATED: February 17, 2023

Respectfully submitted,

/s/ Richard M. Harper II
Anne F. Hancock (Mass. Bar No. 691884)
Dawn Edick (DC Bar No. 641659)
Amy Gwiazda (Mass. Bar No. 663494)
Richard M. Harper II (Mass. Bar No. 634782)
Martin F. Healey (Mass. Bar No. 227550)
SECURITIES AND EXCHANGE COMMISSION
Boston Regional Office
33 Arch St., 24th Floor
Boston, MA 02110
Phone: (617) 573-4560 (Hancock direct)
(617) 573 8940 (Edick direct)
(617) 573-8839 (Gwiazda direct)
(617) 573-8979 (Harper direct)
Fax: (617) 573-4590 (fax)
Hancockan@sec.gov (Hancock email)
EdickD@sec.gov (Edick email)
GwiazdaA@sec.gov (Gwiazda email)
HarperR@sec.gov (Harper email)